# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN A. LUKENBILL, for Cybrina C. Lukenbill, Minor Child,<br><br>Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF THE UNITED STATES AIR FORCE, et al.,<br><br>Defendants.<br>_____/ | CASE NO. CV F 10-1003 LJO SKO<br><br>**ORDER ON DEFENDANTS' F.R.Civ.P. 12 MOTION TO DISMISS**<br>(Doc. 9.) |

## INTRODUCTION

Federal defendants seek to dismiss pro se plaintiff Kathryn A. Lukenbill's ("Ms. Lukenbill") claims as non-cognizable and legally barred. Ms. Lukenbill has filed a "Rebuttal" which fails to address directly the federal defendants' challenges to the claim of Ms. Lukenbill's complaint. This Court considered the federal defendants' F.R.Civ.P. 12(b)(1) and (6) motion to dismiss on the record and VACATES the September 30, 2010 hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court DISMISSES this action.

## BACKGROUND

Ms. Lukenbill's daughter is Cybrina C. Lukenbill ("Cybrina"). This action arises from an alleged March 16, 2009 statutory rape of Cybrina, then age 16, committed by a civilian employee, then age 21, at the Youth Activities Center on Edwards Air Force Base. On June 4, 2010, Ms. Lukenbill filed

as plaintiff and for Cybrina her complaint ("complaint") to name as defendants the Department of the United States Air Force, Office of Special Investigation, 95th Services, and Non-Appropriated Funds, Edwards Air Force Base, CA (collectively the "federal defendants"). The complaint purports to allege claims, discussed below, that states: "Plaintiffs want to recover victim restitution by holding those responsible in failing to ensure the Personal Welfare, Safety and Health, Other Civil and Human Rights, Privacy, Sexual and Racial Discrimination and Equal Access for justice for the Statutory Rape of said minor daughter Cybrina C. Lukenbill." The complaint seeks "Monetary Punishment" and a "public apology."

## DISCUSSION

### Absence Of Counsel

The federal defendants seek dismissal in the absence of counsel representing Cybrina. Ms. Lukenbill appears to contend that Cybrina has turned 18 since the incident giving rise to her claims.

The "right of minors to competent counsel is so compelling" that the Ninth Circuit Court of Appeals has joined other circuits to hold that a "'guardian or parent cannot bring a lawsuit on behalf of a minor in federal court without retaining a lawyer.'" *Jie Lin v. Ashcroft*, 377 F.3d 1014, 1025 (9th Cir. 2004) (quoting *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997)). In *Johns*, 114 F.3d at 876-877, the Ninth Circuit explained:

> . . .a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child. The choice to appear pro se is not a true choice for minors who under state law, see Fed.R.Civ.P. 1(b), cannot determine their own legal actions. There is thus no individual choice to proceed pro se for courts to respect, and the sole policy at stake concerns the exclusion of non-licensed persons to appear as attorneys on behalf of others.
>
> It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.

The record is unclear whether Cybrina remains a minor. If she is, Ms. Lukenbill, a non-attorney, improperly brings this action for Cybrina to warrant its dismissal. If Cybrina is not a minor, Ms. Lukenbill is unable to represent Cybrina. A non-attorney "has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987). The "privilege to represent oneself pro se . . . is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). Nonetheless, further grounds discussed

below warrant dismissal of this action.

## **Absence Of Subject Matter Jurisdiction**

The federal defendants fault the complaint's failure to establish this Court's subject matter jurisdiction.

F.R.Civ.P. 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction. Fundamentally, federal courts are of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 341 (1994). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F. 2d 1221, 1225 (9th Cir. 1989). Limits on federal jurisdiction must neither be disregarded nor evaded. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396 (1978). A plaintiff bears the burden to establish that subject matter jurisdiction is proper. *Kokkonen*, 511 U.S. at 377, 98 S.Ct. 2396; *see Tosco Corp. v. Communities for Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) ("plaintiff has burden of proving jurisdiction" to survive a F.R.Civ.P. 12(b)(1) motion to dismiss).

When addressing an attack on the existence of subject matter jurisdiction, a court "is not restricted to the face of the pleadings." *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988). In such a case, a court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.), *cert. denied*, 493 U.S. 993, 110 S.Ct. 541 (1989); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983); *Smith v. Rossotte*, 250 F.Supp.2d 1266, 1268 (D. Or. 2003) (a court "may consider evidence outside the pleadings to resolve factual disputes apart from the pleadings").

No presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed material facts does not preclude evaluation of the merits of jurisdictional claims. *Thornhill Pub. Co., Inc. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). On a factual attack of a complaint with affidavits or other evidence, "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High School*, 343 F.3d 1036, 1040, n. 2 (9th Cir. 2003).

"The plaintiff always bears the burden of establishing subject matter jurisdiction. In effect, the court presumes lack of jurisdiction until the plaintiff proves otherwise." *Valdez v. U.S.*, 837 F.Supp.

1065, 1067 (E.D. Cal. 1993). "[T]he burden of proof is on the plaintiff to support allegations of jurisdiction with competent proof when the allegations are challenged by the defendant." *O'Toole v. Arlington Trust Co.*, 681 F.2d 94, 98 (1st Cir. 1982).

With these standards in mind, this Court turns to the federal defendants' subject matter jurisdiction challenges.

## **The Federal Torts Claims Act**

The complaint purports to allege a claim under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. The complaint notes that this "action is commenced pursuant to 28 U.S.C. 2674" and that "Office of Special Investigation OSI – failure to act, failure to pursue, failure to convict, Failure to perform duties as investigating office."

"The United States can be sued only to the extent that it has waived its sovereign immunity." *Baker v. U.S.*, 817 F.2d 560, 562 (9th Cir. 1987), *cert. denied*, 487 U.S. 1204, 108 S.Ct. 2845 (1988). "A party bringing a cause of action against the federal government bears the burden of showing an unequivocal waiver of immunity. *Baker*, 817 F.2d at 562. "Thus, the United States may not be sued without its consent and the terms of such consent define the court's jurisdiction." *Baker*, 817 F.2d at 562. Moreover, "federal agencies are not subject to suit eo nomine unless so authorized by Congress in 'explicit language.'" *Midwest Growers Co-op. Corp. v. Kirkemo*, 533 F.2d 455, 465 (9 Cir. 1976) (quoting *Blackmar v. Guerre*, 342 U.S. 512, 515, 72 S.Ct. 410, 96 L.Ed. 534 (1952)).

A waiver of traditional sovereign immunity is not implied but must be unequivocally expressed. *See U.S. v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948 (1976). "[S]tatutes which are claimed to be waivers of sovereign immunity are to be strictly construed against such surrender." *Safeway Portland Emp. Federal Credit Union v. Federal Deposit Ins. Corp.*, 506 F.2d 1213, 1216 (9th Cir. 1974).

"The question whether the United States has waived its sovereign immunity against suits for damages is, in the first instance, a question of subject matter jurisdiction." *McCarthy*, 850 F.2d at 560. "Absent consent to sue, dismissal of the action is required." *Hutchinson v. U.S.*, 677 F.2d 1322, 1327 (9th Cir. 1982).

The federal defendants contend that they are improper parties in that under the FTCA, the United States is the proper defendant. Although FTCA claims "can arise from the acts or omissions of United

4

1  States agencies (28 U.S.C. § 2671), an agency itself cannot be sued under the FTCA." *F.D.I.C. v. Craft*,
2  157 F.3d 697, 706 (9th Cir. 1998).

3        The federal defendants argue that claims arising from alleged rape or sexual conduct are barred
4  by 28 U.S.C. § 2680(h), which provides that the FTCA does not apply to any "claim arising out of
5  assault, battery . . ."  The federal defendants further object to an FTCA claim "relating to any
6  investigation of the alleged sexual activity by the Office of Special Investigations." *See Sabow v. U.S.*,
7  93 F.3d 1445, 1451-1453 (denying FTCA subject matter jurisdiction for claim arising from Navy
8  Investigative Service's alleged negligent investigation).

9        The federal defendants correctly note that they are not subject to an FTCA claim to invoke this
10 Court's subject matter jurisdiction and that Ms. Lukenbill fails to address requirements for a proper
11 FTCA claim. The complaint fails to establish this Court's subject matter jurisdiction via the FTCA. Ms.
12 Lukenbill's claim that "[w]e have understood" that this Court "is proper jurisdiction" is unavailing.

13                                 **Absence Of Viable Claims**

14       The federal defendants further challenge the complaint's absence of a viable claim to warrant
15 F.R.Civ.P. 12(b)(6) dismissal.

16       A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set
17 forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception
18 of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not
19 whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to
20 support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco*
21 *Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where
22 there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a
23 cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling*
24 *v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

25       In resolving a F.R.Civ.P. 12(b)(6) motion, a court must:  (1) construe the complaint in the light
26 most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine
27 whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty*
28 *Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).  Nonetheless, a court is not required "to accept as

true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and a court must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court recently explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. (Citations omitted.)

After discussing *Iqbal*, the Ninth Circuit summarized: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572

6

F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, __ U.S. __, 129 S.Ct. at 1949).

The U.S. Supreme Court applies a "two-prong approach" to address a motion to dismiss:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, __ U.S. __, 129 S.Ct. at 1949-1950.

With these standards in mind, this Court turns to the federal defendants' further challenges to the complaint's claims.

**42 U.S.C. § 1983**

The complaint purports to allege a claim under 42 U.S.C. § 1983 ("section 1983") and states:

> This action is commenced pursuant to 42 U.S.C. 1983 Civil action for deprivation of rights.
>
> a. Kept perpetrator employed until notified to cover themselves, failed to arrest, failed to convict, failed to report.
>
> b. Questioning victim (minor) w/o parent present.
>
> c. Interrogating minor/victim w/o parent present.

The federal defendants note the unavailability of a section 1983 claim against a federal agency.

Section 1983 addresses actions "under color of any statute, ordinance, regulation, custom, or usage, of any State." "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of state law.'" *Scott v. Rosenberg*, 702 F.2d 1263, 1269 (9th Cir. 1983), *cert. denied*, 465 U.S. 1078 (1984).

A federal agency is immune from a section 1983 suit absent revocation of that immunity by Congress. *See Gerritsen v. Consulado General De Mexico*, 989 F.2d 340, 343 (9th Cir. 1993). "Because

section 1983 provides a remedy for violations of federal law by persons acting pursuant to state law, federal agencies and officers are facially exempt from section 1983 liability inasmuch as in the normal course of events they act pursuant to federal law." *Hindes v. F.D.I.C.*, 137 F.3d 148, 158 (3rd Cir. 1998). "We find no authority to support the conclusion that a federal agency is a 'person' subject to section 1983 liability, whether or not in an alleged conspiracy with state actors. We, therefore, hold that federal agencies are not 'persons' subject to section 1983 liability." *Hindes*, 137 F.3d at 158. Section 1983 "provides no cause of action against federal agents acting under color of federal law." *Billings v. U.S.*, 57 F.3d 797, 801 (9th Cir. 1995). "If we were to recognize a direct action for damages against federal agencies, we would be creating a potentially enormous financial burden for the Federal Government." *F.D.I.C. v. Meyer*, 510 U.S. 471, 486, 114 S.Ct. 996 (1994).

The complaint fails to support a section 1983 claim given that the federal defendants did not act under state law. A purported claim under section 1983 is subject to dismissal.

## 42 U.S.C. § 1985

The complaint purports to allege a claim under 42 U.S.C. § 1985 ("section 1985") and states:

This action is commenced pursuant to 42 U.S.C. 1985 Conspiracy to interfere with civil rights.

  a. Withheld information to Kern county [sic] officials[.]
  b. Claimed not within their jurisdiction.
  c. Told Plaintiff to "Be Quiet" claiming perpetrator would run.
  d. Said to others "We need to protect the General"[.]
  e. Employee not arrested or questioned[.]
  f. Not taking action timely manner[.]
  g. Potential danger to other children.
  h. Employee under investigation for other crimes prior to this.
  i. Employer knowing of potential harm[.]
  j. Told Youth Center employees not to talk to or be around Plaintiff (minor child) due to her being a liability. And anyone that did would be "Fired" and were told to call the police if confronted by Plaintiff.

The federal defendants note the absence of a claim under section 1985 which prohibits

conspiracies to:

    1.    Prevent an officer from performing official duties or to harm such officer for performance of a duty;

    2.    Obstruct justice through intimidation of a party, witness or juror or to obstruct justice in state proceedings; and

    3.    Deny a person the right to equal protection of the laws or other privileges and immunities.

"Section 1985 proscribes conspiracies to interfere with certain civil rights." *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988). A section 1985 claim "must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi*, 839 F.2d at 626. "To state a claim for conspiracy to violate constitutional rights, 'the plaintiff must state specific facts to support the existence of the claimed conspiracy.'" *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 929 (9th Cir. 2004) (quoting *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989)).

The federal defendants correctly note the absence of a claim under section 1985(1) which protects federal officers, not persons such as Ms. Lukenbill or Cybrina. "The clear import of this language [section 1985(1)] is that the statute's protections extend exclusively to the benefit of federal officers. *Canlis v. San Joaquin Sheriff's Posse Comitatus*, 641 F.2d 711, 717 (9th Cir. 1981).

The federal defendants note the complaint's failure to allege facts for a section 1985(2) claim. The "equal protection" language of the second clause (state courts) of section 1985(2) requires "an allegation of class-based animus for the statement of a claim under that clause." *Portman v. County of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1029 (9th Cir.1985)). "Congress intended the act [section 1985(2)] to apply only in cases where there was racial or class-based animus." *Kimble v. D. J. McDuffy, Inc.,* 648 F.2d 340, 347 (5th Cir.), *cert. denied*, 454 U.S. 1110, 102 S.Ct. 687 (1981); *see Lopez v. Arrowhead Ranches*, 523 F.2d 924, 928 (9th Cir. 1975) (limitation to "cases in which a deprivation of equal rights is actionable to those where the injury is class motivated"). The federal defendants are correct that the complaint lacks necessary allegations as to a state proceeding, denial of equal protection, or racial or class-based animus.

The federal defendants further take issue with the complaint's absence of a section 1985(3) claim. "To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980). "To bring a cause of action successfully under § 1985(3), a plaintiff must demonstrate a deprivation of a right motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002).

Congress did not intend to create a general federal tort law by the passage of section 1985(3). *Western Telecasters, Inc. v. California Federation of Labor, AFL-CIO*, 415 F.Supp. 30, 33 (S.D. Cal. 1976.) "[T]o effectuate the intent of Congress, the conspirators must be motivated by a class-based, invidiously discriminatory animus." *Western Telecasters*, 415 F.Supp. at 33 (section 1985(3) should not be interpreted to encompass all discrimination between classes of persons, and a claim of discrimination against employees of a non-union entity does not allege an invidiously, discriminatory animus and is not actionable under section 1985(3)).

A section 1985(3) claim "must set forth facts showing some intentional and purposeful deprivation of constitutional rights." *See Powell v. Workmen's Compensation Bd. of State of N. Y.*, 327 F.2d 131, 137 (2nd Cir. 1964). A section 1985(3) plaintiff is "bound to do more than merely state vague and conclusionary allegations respecting the existence of a conspiracy. It was incumbent upon him to allege with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy." *Powell*, 327 F.2d at 137; *see Grigsby v. Kane*, 250 F.Supp.2d 453, 458 (M.D. Pa. 2003). "[O]nly allegations which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and actions taken in furtherance of the conspiracy, will be deemed sufficient." *Grigsby*, 250 F.Supp.2d at 458. A conspiracy occurs only when the parties have reached "a unity of purpose or a common design and understanding, or a meeting of minds in an unlawful arrangement." *American Tobacco Co. v. United States*, 328 U.S. 781, 809-10, 66 S.Ct. 1125, 1138, 90 L.Ed. 1575 (1946).

Ms. Lukenbill offers nothing meaningful to support a section 1985(3) claim. The complaint does not even hint of racial or other class-based discrimination and lacks particularized facts to support a conspiracy. The complaint lacks a viable section 1985 claim to further warrant dismissal of this action.

**42 U.S.C. § 1986**

The complaint purports to allege a claim under 42 U.S.C. § 1986 ("section 1986") and states:

> This action is commenced pursuant to 42 U.S.C. 1986 Action for neglect to prevent.
>
> a. Insufficient lighting on premise.
>
> b. Insufficient security.
>
> c. Insufficient supervision.
>
> d. Failure to afforded [sic] sufficient protection minor child(ren).

Section 1986 addresses failure to prevent or aid to prevent section 1985 wrongs. "Section 1986 imposes liability on every person who knows of an impending violation of section 1985 but neglects or refuses to prevent the violation. A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985." *Karim-Panahi*, 839 F.2d at 626 (citing *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir.1985)); *see Dooley v. Reiss*, 736 F.2d 1392, 1396 (9th Cir. 1984) ("Because plaintiffs failed to state a claim under section 1985(2), the district court also properly dismissed the claim under section 1986."); *Mollnow v. Carlton*, 716 F.2d 627, 632 (9th Cir. 1983) ("Section 1986 depends on the existence of a claim under § 1985.")

The federal defendants are correct that the complaint lacks a section 1986 claim in the absence of a section 1985 claim.

**42 U.S.C. § 1988**

The complaint references 42 U.S.C. § 1988 ("section 1988"), which authorizes attorney fees to a prevailing party under the civil rights statutes. "Recovery of attorney fees under section 1988 is premised on the existence of a prevailing claim under sections 1983 or 1985. Section 1988 does not support an independent cause of action." *Brower v. County of Inyo*, 817 F.2d 540, 546 (9th Cir. 1987), *reversed on other grounds*, 489 U.S. 593 (1989); *Mazzeo v. Gibbons*, 649 F.Supp.2d 1182, 1199 (D. Nev. 2009) ("section 1988 does not support a separate cause of action"). "Finally, section 1988 does

1  not create independent causes of action, it simply 'defines procedures under which remedies may be
2  sought in civil rights actions.'" *Schroder v. Volcker*, 864 F.2d 97, 99 (10th Cir. 1988) (quoting *Brown
3  v. Reardon*, 770 F.2d 896, 907 (10th Cir.1985)).

4  A purported section 1988 fails in the absence of an underlying viable civil rights claim. The
5  complaint's failure to satisfy threshold requirements dooms a section 1998 claim to further warrant
6  dismissal.

## Declaratory Relief

8  The complaint references the Declaratory Judgement Act ("DJA"), 28 U.S.C. §§ 2201, 2202, but
9  makes no request for declaratory relief. The complaint notes "Creation of remedy. a. Perform an
10 independent study of premises to provide safe and secure environment for all. b. Reassess victim
11 processes to alleviate these problems in the future."

12 28 U.S.C. §§ 2201(a) provides in pertinent part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

16 The DJA's operation "is procedural only." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*,
17 300 U.S. 227, 240, 57 S.Ct. 461, 463 (1937). "A declaratory judgment is not a theory of recovery."
18 *Commercial Union Ins. Co. v. Walbrook Ins. Co., Ltd.*, 41 F.3d 764, 775 (1st Cir. 1994). The DJA
19 "merely offers an *additional remedy* to litigants." *Nat'l Union Fire Ins. Co. v. Karp*, 108 F.3d 17, 21
20 (2nd Cir. 1997) (italics in original). A DJA action requires a district court to "inquire whether there is
21 a case of actual controversy within its jurisdiction." *American States Ins. Co. v. Kearns*, 15 F.3d 142,
22 143 (9th Cir. 1994).

23 As to a controversy to invoke declaratory relief, the question is whether there is a "substantial
24 controversy, between parties having adverse legal rights, or sufficient immediacy and reality to warrant
25 the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270,
26 273, 61 S.Ct. 510, 512 (1941). The United States Supreme Court has further explained:

> A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. . . . The controversy must be definite and concrete, touching the legal relations of parties having

> adverse legal interests. . . . It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Haworth*, 300 U.S. at 240-241, 57 S.Ct. at 464 (citations omitted).

The complaint's failure as a whole demonstrates the absence of an actual controversy subject to declaratory relief. A declaratory relief action "brings to the present a litigable controversy, which otherwise might only be tried in the future." *Societe de Conditionnement v. Hunter Eng. Co., Inc.*, 655 F.2d 938, 943 (9th Cir. 1981). In the absence of a viable claim, the complaint fails to support declaratory relief.

Moreover, "the Declaratory Judgment Act is not a jurisdictional statute. It does not create subject matter jurisdiction where none otherwise exists. It only creates a particular kind of remedy available in actions where the district court already has jurisdiction to entertain a suit." *Jarrett v. Resor*, 426 F.2d 213, 216 (9th Cir. 1970).

The DJA fails to support this Court's jurisdiction to further justify dismissal.

In sum, neither the complaint nor record establishes this Court's subject matter jurisdiction or a viable claim against the federal defendants to warrant dismissal of this action.

## **CONCLUSION AND ORDER**

For the reasons discussed above, this Court DISMISSES with prejudice this action against the federal defendants and DIRECTS the clerk to enter judgment against plaintiff Kathryn A. Lukenbill and in favor of defendants the Department of the United States Air Force, Office of Special Investigation, 95th Services, and Non-Appropriated Funds, Edwards Air Force Base, CA and to close this action.

IT IS SO ORDERED.

**Dated:   September 16, 2010                /s/ Lawrence J. O'Neill**
                                            UNITED STATES DISTRICT JUDGE